(14 Misc. Rep. 388.)

## DEGNAN v. BROOKLYN CITY R. CO.

### (City Court of Brooklyn, General Term.  November 25, 1895.)

1. STREET RAILROADS—COLLISION WITH CARRIAGE AT STREET CROSSING.
    In an action for injuries caused by a collision between defendant's street car and plaintiff's carriage at a street crossing, it appeared that the car was 75 feet away when plaintiff attempted to cross the track, that the hind wheel of the carriage was struck by the car, and that the car ran 40 feet after the accident before stopping.  There was evidence that the car could have been stopped in about 5 feet, if it was running at the speed claimed by defendant.  *Held* that, whether the parties each used reasonable care to avoid the injury was properly submitted to the jury.

2. SAME—RIGHT OF WAY.
    At the intersection of a street in which street-car tracks are laid and another street, rights of the street-car company and a person traveling along the other street are equal.

3. DAMAGES FOR PERSONAL INJURIES—WHEN NOT EXCESSIVE.
    A verdict for $4,000 for injuries sustained, consisting of permanent paralysis of the shoulder muscle, impairing the lifting power of the arm, and permanent spinal curvature, is not excessive.

Appeal from trial term.

Action by Michael Degnan against the Brooklyn City Railroad Company for personal injuries. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before CLEMENT, C. J., and VAN WYCK, J.

Morris & Whitehouse, for appellant.

Thos. E. Pearsall, for respondent.

VAN WYCK, J. There is testimony from which it can be fairly inferred that plaintiff was in a buggy with one Hart, going along Classon avenue in a southerly direction, towards Putnam avenue, through which defendant's cars run; that as they reached Putnam avenue they looked up and down that avenue, and saw no car, and that, as their horse stepped on the northerly or down track, they saw a car about 75 feet away; that the horse was urged across, and the car struck the hind wheel of the buggy, tipping plaintiff out, and going some 40 feet further before it stopped, though the car could have been stopped, if going at the speed defendant claims it was, in about 5 feet. The right of way of plaintiff and defendant was equal at the intersection of these two streets. Each had to cross the line of passage of the other, to enable them to proceed on their journey. Each should have used reasonable care in the exercise of such right, so as not to have interfered with the right of the other. Whether they did or did not use such reasonable care to avoid such interference with or injury to one another was properly submitted to the jury, and we see no cause for disturbing the decision of the jury that defendant was negligent, and the plaintiff free therefrom. Buhrens v. Railroad Co. (Sup.) 6 N. Y. Supp. 224, affirmed 125 N. Y. 702, 26 N. E. 752; O'Neil v. Railway Co., 129 N. Y. 125, 29 N. E. 84.

There is medical testimony which shows that plaintiff's injuries from this accident are of a most serious character, viz. a permanent paralysis of the large muscle that caps the shoulder, impairing the lifting power of the arm, and also a permanent curvature of the spine. For such injuries we think the jury was fully justified in giving a verdict of $4,000. Judgment and order must be affirmed, with costs.